UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBRA RAE VERSTEEG,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 3:16-cv-05075-RBL

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

THIS MATTER is before the Court on Plaintiff Versteeg's Complaint [Dkt. 3] for review of the Social Security Commissioner's denial of her application for disability insurance benefits.

Versteeg suffers from mild degenerative disc disease of the cervical spine, bipolar disorder, depression, and anxiety. *See* Dkt. 7, Administrative Record 21. She applied for disability insurance benefits in August 2012, alleging she became disabled beginning in August 2010. *See* AR 19. Those applications were denied upon initial administrative review and on reconsideration. *See id*. A hearing was held before Administrative Law Judge Paul G. Robeck in May 2014. *See id*. Versteeg, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 33-60.

The ALJ determined Versteeg to be not disabled. *See* AR 19-28. The Appeals Council denied Versteeg's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. *See* AR 1-6; 20 C.F.R. § 404.981. In February 2016, Versteeg

ORDER - 1

filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

Versteeg argues the Commissioner's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the ALJ erred: (1) in evaluating Versteeg's severe impairments; (2) in evaluating the medical evidence in the record; (3) in evaluating Versteeg's credibility; and (4) in finding her to be capable of performing work available in the national economy at step five. Specifically, Versteeg argues the ALJ failed to give a sufficient reason to discount the opinion of treating physician Anne Scott, M.D. Versteeg argues the error affected the ultimate disability determination and is therefore not harmless.

The Commissioner argues the ALJ did not err in evaluating Scott's opinion, Versteeg's credibility, or Versteeg's severe impairments, so the ALJ's RFC and step-five finding that Versteeg could perform other work were supported by substantial evidence and should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

ORDER - 2

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

## I.      The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ determines credibility and resolves ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or evaluating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31. More weight is generally given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830.

Versteeg argues the ALJ erred by giving little weight to the opinion of treating physician Scott. *See* Dkt. 9, pp. 13-15. Scott completed a functional capacity assessment in May 2014 and opined that Versteeg's low cortisol levels and depression caused marked limitations in concentration, persistence, and pace. *See* AR 519-23. The ALJ gave Scott's opinion little weight because it was not supported by objective evidence and because Scott acknowledged she had limited knowledge of Versteeg's functionality. *See* AR 25. The ALJ also noted that Scott appeared to have accepted Versteeg's subjective complaints and was advocating for Versteeg. *See id*. None of these reasons is specific, legitimate, and supported by substantial evidence.

ORDER - 4

First, substantial evidence does not support the ALJ's finding that Scott's opinion was not supported by objective medical evidence. When asked on the assessment form what findings supported the marked limitations to which Scott opined, Scott wrote that a diagnostic lab test showed low cortisol levels. *See* AR 521. This finding is in Scott's notes from a May 2013 visit by Versteeg. *See* AR 422. This finding directly contradicts the ALJ's statements that Scott's opinion was not explained, was not supported by objective evidence, or was based on Versteeg's subjective complaints.

Next, while the ALJ stated that Scott acknowledged having limited knowledge of the claimant's functionality, Scott only noted that she could not assess certain physical postural limitations. *See* AR 520. Scott could provide an opinion regarding Versteeg's cognitive limitations and provided findings that supported her opinion, however. *See* AR 521. Scott's recognition that she could not opine to certain categories of Versteeg's abilities is not a legitimate reason to discount the opinions she provided.

Last, no substantial evidence supports the ALJ's statement that Scott appeared to be acting as an advocate for Versteeg. Nothing in the assessment form indicates that Scott acted as an advocate, as she provided objective medical evidence that supported her opinions. *See* AR 519-22. That Scott chose not to opine on areas of functionality of which she had no knowledge further bolsters her credibility. *See* AR 520. Neither the ALJ nor the Commissioner identifies a piece of evidence showing that Scott was failing to act impartially. *See* AR 25; Dkt. 10, p. 7. Therefore, the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence for discounting Scott's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v.*

ORDER - 5

*Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). It "adhere[s] to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)). Courts "look at the record as a whole to determine [if] the error alters the outcome of the case." *Molina*, 674 F.3d at 1115.

The ALJ's improper rejection of the Scott's opinion affected the case's outcome. Had the ALJ fully credited Scott's opinion, the RFC would have included additional limitations in her ability to perform even simple tasks. Instead, the ALJ posed hypothetical questions to the vocational expert based on an incomplete RFC. *See* AR 55-56. Based on the vocational expert's answers to those questions, the ALJ found Versteeg could perform work available in the national economy. *See* AR 27-28. As the ALJ's ultimate determination regarding disability was based on a vocational expert's testimony on an improper hypothetical question, the error is not harmless.

## II.   The ALJ's Assessment of Versteeg's Residual Functional Capacity

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 at *2. A claimant's RFC assessment is used at step four

to determine whether she can do past relevant work, and at step five to determine whether she can do other work. *See id.*

Residual functional capacity is what the claimant can still do despite her limitations. *See id.* It is the maximum work that the claimant can perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also must discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

However, because the ALJ erred in evaluating Scott's opinion, the RFC assessed by the ALJ does not necessarily completely and accurately describe all of Versteeg's capabilities. The ALJ erred here, too.

**III.    The ALJ's Step Five Determination**

If a claimant cannot perform her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant can do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(d), (e), 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *see also Tackett*, 180 F.3d at 1100-1101.

Based on the testimony of a vocational expert, the ALJ found Versteeg capable of performing other work. *See* AR 27-28. Again, however, because the ALJ erred in evaluating Scott's opinion and in assessing Versteeg's RFC, the hypothetical question presented did not

ORDER - 7

completely and accurately describe all of Versteeg's capabilities. The ALJ's step-five

determination is not supported by substantial evidence and is in error.

### IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand a case "either for additional evidence and findings or to award

benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). When the Court reverses an

ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for

additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)

(citations omitted). It is "the unusual case in which it is clear from the record that the claimant is

unable to perform gainful employment in the national economy," that "remand for an immediate

award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further

administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.

Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
> claimant's] evidence, (2) there are no outstanding issues that must be resolved
> before a determination of disability can be made, and (3) it is clear from the
> record that the ALJ would be required to find the claimant disabled were such
> evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, issues remain regarding conflicts in the medical evidence, Versteeg's functional

capabilities, and her ability to perform other jobs existing in significant numbers in the national

economy despite additional limitations. Remand for further consideration is warranted.

//

//

//

ORDER - 8

1

**CONCLUSION**

2      The Court finds the ALJ improperly concluded Versteeg is not disabled. Defendant's

3 decision to deny benefits is REVERSED, and this matter is REMANDED for further

4 administrative proceedings as detailed in this order.

5      DATED this 18th day of July, 2016.

6

7

8

9

10 _____

11 Ronald B. Leighton
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 9