1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

DEBRA RAE VERSTEEG,

Case No. 3:16-cv-05075-RBL

9

Plaintiff,

10

v.

ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES

11

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

12

DKT. #14

13

Defendant.

14

15

THIS MATTER is before the Court on Plaintiff Versteeg's Motion for Attorney's Fees

16

[Dkt. #14] under the Equal Access to Justice Act, 28 U.S.C. § 2412. The Commissioner argues

17

her position was substantially justified and the amount of Versteeg's requested fees is

18

unreasonable under the particular facts of this case. *See* Dkt. 16. The Court disagrees, and

19

GRANTS plaintiff's motion for statutory fees.

20

**PROCEDURAL HISTORY**

21

On July 18, 2016, this Court issued an order reversing and remanding the

22

Commissioner's decision to deny benefits for further administrative proceedings. *See* Dkt. 12.

23

The Court found that (1) the ALJ erred by failing to provide a specific and legitimate reason

24

supported by substantial evidence to discount the opinion of treating physician Anne Scott,

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 1

M.D., and (2) the error was harmful because the resulting residual functional capacity and step-five finding were not supported by substantial evidence. *See id.*, pp. 4–8. The Court reversed the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings due to the harmful error. *See id.*, pp. 8–9.

## DISCUSSION

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). When determining the issue of substantial justification, the court reviews only the "issues that led to remand" in determining if an award of fees is appropriate. *Toebler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014).

Plaintiff was the prevailing party because the Court reversed and remanded the Commissioner's decision to deny benefits for further administrative proceedings. *See* Dkt. 12. The ALJ's failure to provide a sufficient reason to discount Scott's opinion led to the remand. *See id.*, p. 8.

## I.    Substantial Justification

The Commissioner argues that her position that the ALJ provided a sufficient reason to discount Scott's opinion was substantially justified. *See* Dkt. 16. The Commissioner has the burden of proving that her position was substantially justified. *See Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). In addition, a "substantially justified position must have a reasonable basis both in law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citations omitted). The fact that the Commissioner did not prevail on the merits does not compel the conclusion that her position was not substantially justified. *See Kali v. Bowen*, 854

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 2

F.2d 329, 334 (9th Cir. 1988) (citing *Oregon Envtl. Council v. Kunzman*, 817 F.2d 484, 498

(9th Cir. 1987)). However, a determination by the Court that the administrative decision was

not supported by substantial evidence is a "strong indication" that the Commissioner's position

was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).

Only in the "decidedly unusual case" will the Commissioner's position be found to have

substantial justification under the EAJA even though the administrative decision was reversed

for lacking substantial evidence in the record. *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir.

2002).

Here, the Commissioner simply reiterates her position from the original litigation,

arguing that the ALJ reasonably found that Scott did not adequately support her opinion. *See*

Dkt. 16, p. 3. The Court found this reason for discounting Scott's opinion to be unsupported by

substantial evidence. *See* Dkt. 12, p. 5. The Court noted that Scott specifically stated that

diagnostic lab testing in the record supported the marked limitations to which she opined. *See

id*.

Substantial evidence is that which a reasonable mind might accept as adequate to

support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Having found that

the ALJ's reasons did not meet the substantial evidence standard, the Court now finds no

reason that this is the rare case in which the Commissioner's position was otherwise

substantially justified. The Court also concludes that there are no special circumstances that

render an EAJA award in this matter unjust. Accordingly, the Court will award plaintiff

attorney's fees under the EAJA.

**II.      Reasonableness of the Fees**

According to the United States Supreme Court, "the fee applicant bears the burden of

establishing entitlement to an award and documenting the appropriate hours expended."

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 3

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See id*. at 433, 436–37.

Once the Court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Id*. at 429, 433 n.7. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. at 433.

Here, Versteeg prevailed on the single claim of whether or not the denial of her social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See id*. at 435. The Supreme Court concluded that where a plaintiff "has obtained excellent results, [her] attorney should recover a fully compensatory fee." *Id*.

The Court concludes based on a review of the relevant evidence that Versteeg here obtained excellent results. The Court then looks to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompass the lodestar. *See id*. Versteeg requests attorney's fees in the amount of $3,354.75, representing 17.5 hours of work. *See* Dkt. 14-1. The Commissioner argues that the amount requested is unreasonable because Versteeg enjoyed limited success, analogizing the case to *Blair v. Colvin*, 619 Fed.Appx. 583 (9th Cir. 2015). *See* Dkt. 16, p. 4. However, where the district court in *Blair* limited the scope of remand to reassessing consultants' positions regarding one workplace limitation (*see Blair*, 619 Fed.Appx. at 585), the Court's order here was not so limited. *See* Dkt. 12. The Court found that the ALJ's error in evaluating Scott's opinion affected the RFC

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 4

and step-five finding, such that further administrative proceedings were necessary, declining to decide the other errors alleged. *See id*.

Therefore, the Court finds reasonable Versteeg's original request for attorney's fees in the amount of $3,354.75 and expenses in the amount of $400.00.[1] The Court also finds reasonable Versteeg's request for $402.57 for 2.1 hours of additional work replying to the Commissioner's objection to her request for fees. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990).

**CONCLUSION**

Versteeg is awarded at total of $3,757.32 in attorney's fees and $400.00 in expenses under the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). Versteeg's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id*. at 2528. The check for EAJA fees shall be mailed to Versteeg's counsel: Kevin Kerr, Schneider Kerr Law Offices, P.O. Box 14490, Portland, OR 97293.

DATED this 15th day of November, 2016.

Ronald B. Leighton
United States District Judge

---

[1] The Commissioner argues that the Court should deny Versteeg's request for expenses because they were "unspecified." *See* Dkt. 16, p. 5. However, the Court infers that the requested expenses are for the $400.00 filing fee and grants the request.

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 5